JOHNSON *vs.* MORLEY and two others.

One of the defendants, M., gave his note to D. for a horse which he purchased in order to defraud D.'s creditors. J. advanced money at usurious interest on security of the note, D. getting the two other defendants to add their names to it as makers. J. then transferred the note to a party who transferred it to plaintiff. *Held,* that the note was void, both for fraud and usury.

ACTION on a promissory note made by defendants Morley, Easton and Crandall, and payable to Dunbar, who sold it to Isaac Johnson, who sold it to the plaintiff. The note is dated April 9, 1839, and is for $130. It was payable one year after date.

The note was given to Dunbar by Morley alone, for a horse which he purchased in order to defraud Dunbar's creditors. Dunbar proposed to Isaac Johnson to borrow money on it at an usurious rate; but he declined to lend unless two other names were added as makers. Dunbar thereupon caused Easton and Crandall to sign, and took the money, delivering the note to I. Johnson, who transferred it to the plaintiff. Verdict for the plaintiff. Defendants move for a new trial on a case made.

*By the Court,* COWEN, J. This note began in fraud and ended in usury. We are referred to *Cram* v. *Hendricks,* 7 Wend. 569, and *Rapelye* v. *Anderson,* 4 Hill, 472, for its support against the usurious branch of the defence. No case is cited to sustain it against the fraud; and *Nellis* v. *Clark,* 4 Hill, 424, condemns it. No doubt it was good for nothing in its inception by reason of the fraud; and I am at a loss to see how it can be restored by the usury. It is said to have been sold by Dunbar and purchased by Isaac Johnson, the usurer. This was hardly that kind of *bona fide* purchase which would make it available even as against Morley. (*Ramsdell* v. *Morgan,* 16 Wend., 574.) It was void in its inception as between the original parties; money was borrowed on it by the payee at an usurious rate, after adding

Easton and Crandall as sureties for the loan. This is the very definition of a note void for usury within the cases which go most strongly to protect usurious dealing.

But, if possible, suppose the note was valid in its inception against Morley. Here are two makers who add their names as sureties in consideration of the vicious loan. As to them it was a new note. True, it runs in the first person, " I promise," &c., and in this view might be valid as against Morley, being joint and several. But the suit is against all three ; and a recovery can not be had against a less number. The plaintiff sues on the note as a joint one. As to two of the defendants there is no pretence that Dunbar could have sued on the note while in his hands. It could as against them derive no validity except by the loan. That being usurious, the note was clearly null for the purposes of this action.

New trial granted ; costs to abide the event.